UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26 MJ 6166 PLC |
| | ) | |
| JASHANPREET SINGH, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PRETRIAL DETENTION AND HEARING

COMES NOW the United States of America (the "Government"), by and through Thomas C. Albus, United States Attorney, and Gwendolyn E. Carroll, Assistant United States Attorney, for the Eastern District of Missouri, and hereby moves the Court to order Defendant Jashanpreet Singh ("Defendant") detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

## INTRODUCTION

Defendant is charged by complaint with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Because the defendant has no ties to the Eastern District of Missouri, travels interstate in furtherance of the scheme to defraud, and is facing both a significant period of incarceration in the event of his conviction and deportation, the case involves a serious risk that Defendant will flee. Further, there is no condition or combination of conditions that will reasonably assure his future appearance and the safety of the community, and Defendant should be detained pending trial.

## LEGAL STANDARD

Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* Indeed, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).

**ARGUMENT**

As explained below, there is a serious risk that Defendant will flee if not detained pending trial, and there is no condition or combination of conditions that will reasonably assure his appearance and the safety of the community.

Defendant has no ties to the Eastern District of Missouri. Defendant's driver's license lists an address in Indiana. The Defendant entered the United States illegally, and although he currently has a pending asylum claim, he is not a United States citizen and his deportation is a virtual

inevitability, either upon his release should he be placed on bond or upon his completion of any federal sentence imposed subsequent to his conviction. Defendant faces profound, life-altering consequences as a result of this prosecution and has significant incentives to flee.

The very nature of the charged offense demonstrates the serious risk that Defendant poses a serious risk of flight. Defendant's role in this conspiracy required his travel throughout the United States for the purpose of picking up gold and currency from victims of this international elder fraud scam. Defendant was apprehended while retrieving gold from a fraud victim in the Eastern District of Missouri, his only reason for being present in the Eastern District of Missouri.

As indicated in the affidavit to the criminal complaint charging Defendant with conspiracy to commit wire fraud, Defendant both offered a false name and fraudulently posed as a representative of the Federal Deposit Insurance Corporation in order to deceive the Eastern District of Missouri victim into handing over the gold. The Defendant is willing to assume a false identity and impersonate a quasi-Governmental agent in order to dupe his victim into handing over the victim's life savings, demonstrating his disregard for governmental authority and making him even yet more of a serious risk of flight. Further, following his retrieval of the gold from the victim, the Defendant engaged in a counter-surveillance driving technique, pulling off of the highway into a parking lot, and then suddenly U-turning to return to the highway, demonstrating his willingness to detect and attempt to evade law enforcement.

Defendant's incentive to flee is heightened by his substantial sentencing exposure in this matter. Gold bar scams like those in which Defendant is presently charged typically have losses well over $3.5 million, losses caused exclusively to elderly and vulnerable victims. Because of the numerous sentencing enhancements that apply in cases in which the victims are vulnerable, the loss is substantial, and a large part of the scheme is conducted overseas, Defendant is likely to face

a substantial prison sentence in the event of his conviction. The likelihood of a lengthy prison sentence—combined with Defendant's utter lack of binding ties to this district—demonstrates his significant motivation to flee. *See United States v. Abad*, 350 F.3d 793, 799 (8th Cir. 2003) ("Abad is not a United States citizen. Abad faces a maximum sentence of 30 years, see 18 U.S.C. § 2423(b), which . . . weighs strongly in favor of a finding Abad would be a flight risk.").

The evidence against the Defendant is overwhelming. *See* 18 U.S.C. § 3142(g)(2). This includes, but is not limited to, the FBI's direct observation of Defendant defrauding an elderly victim, as well as a recording of Defendant's conversation with that victim, in which Defendant falsely represented that he was a representative of the FDIC and provided a fake name to the victim. The United States also intends to seek a search warrant for Defendant's mobile telephone, which will likely contain his communications with co-conspirators, thus tying him to yet more victim pickups.

Defendant's history and characteristics necessitate his detention. *See* 18 U.S.C. § 3142(g)(3). Defendant has significant ties outside of the United States, specifically, in India, the location of the call center at which this scam originates. Defendant is not a citizen and has ample motivation to flee to his country of origin. *See United States v. Maheshwari*, 358 F. App'x 765, 766–67 (8th Cir. 2010) (affirming the district court's detention order where the defendant was "an Indian native present in the United States on a visa" who also traveled internationally and expressed an interest in returning to India or Pakistan).

Further, Defendant poses an ongoing danger to the community. Significantly, Defendant is interacting face-to-face with the victims. He is not sitting in a call center overseas – he is the individual engaging in person with the victim, and he made explicit, in person misrepresentations to the victim in the Eastern District of Missouri. Couriers in elder fraud gold bar scams are

compensated by the number of transactions they perform, and Singh's sophistication in using a false identity, posing as an FDIC representative, and engaging in a counter-surveillance technique indicates that he is an experienced courier.

In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that Defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure his appearance in the future.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of Defendant's initial appearance and, following such hearing, order that Defendant be detained pending trial.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

*Gwendolyn E. Carroll*
Gwendolyn E. Carroll #4657003NY
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200